CHARLES ROSENBLOOM *vs.* LILLIE B. PROUT.

Cumberland.  Decided October 4, 1939.  At the September Term, 1937, of the Superior Court for the County of Cumberland, the plaintiff entered an action against this defendant to recover for the breach of a contract under seal. At the October Term the action was tried before a jury, and at the close of all the evidence, on the defendant's motion, the presiding Justice directed a verdict for the defendant. An exception was taken by the plaintiff which was not prosecuted, and at the January Term, 1938, judgment was entered for the defendant. April 18, 1938, the plaintiff commenced another action which was entered at the June Term. The defendant's plea was the general issue with a brief statement setting up the former judgment as a bar. The declarations in the two cases are the same; the parties are the same; and the contract sued on is the same contract. The justice who presided at the trial of this second suit ruled that the former judgment was a bar and directed a verdict for the defendant. The case is now before us on the plaintiff's exception to this ruling.

The claim of the plaintiff is that the verdict was directed in the first case because the action was prematurely brought, and that under such circumstances this action is not barred. A careful reading of the record, however, does not disclose on just what ground the ruling of the justice in the first case was based. The presiding Justice in this case well said: "According to the records of the court and the

direction of the directed verdict which has been put in by the plaintiff, the very issue raised in this case here has been passed upon and decided, and I think that brings the case within the rule of estoppel." Exceptions overruled. *Angelo J. Urbano, Harry E. Nixon,* for plaintiff. *Richard E. Harvey,* for defendant.